UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL N. STEWART,

    Plaintiff,

vs.                                                      Case No.: 8:11-CV-871-T-33EAJ

MICHAEL J. ASTRUE,
Commissioner of Social
Security Administration,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to the Social Security Act ("the Act"), as amended, Title 42, United States Code, Sections 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for Supplemental Security Income ("SSI").

After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the administrative record, and the pleadings and memoranda submitted by the parties in this case, the undersigned affirms the Commissioner's decision and dismisses this case.[1]

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with applicable legal standards. See 42 U.S.C. § 405(g). Substantial evidence is "such relevant

---

[1] The District Judge referred this matter to the undersigned for consideration and a Report and Recommendation. See Local Rule 6.01(a), M.D. Fla.

evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. See Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard. See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required. See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

## I. Background

On March 13, 2008, Plaintiff filed an application for SSI, alleging disability beginning October 28, 2000. (T 121) Plaintiff's application was denied initially and upon reconsideration, and an administrative hearing was held on February 23, 2010. (T 31, 61-63, 70-72) Thirty-nine years old at the time of the hearing, Plaintiff has a ninth grade education and past relevant work experience as a dishwasher, short order cook, and construction laborer. (T 37-38, 53)

On April 5, 2010, an ALJ denied Plaintiff's application. (T 14) Although Plaintiff's severe impairments included partial thyroidectomy, degenerative disc disease of the neck and back, and ankle and toe deformity, these impairments did not meet or medically equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, App. 1. (T 19) Despite these impairments, Plaintiff was determined to have a residual functional capacity ("RFC") for light work with the following limitations: lift and carry twenty pounds occasionally and ten pounds frequently;

stand, walk, and sit for six hours in an eight-hour workday with normal breaks; frequently climb, balance, stoop, kneel, crouch, and crawl; and must avoid concentrated exposure to extreme heat, cold, and hazards. (T 20)

Although Plaintiff was unable to perform any past relevant work, the ALJ found Plaintiff capable of performing jobs available in significant numbers in the national economy, such as a poly packer/heat sealer, assembler, and final inspector. (T 24) Accordingly, the ALJ concluded that Plaintiff was not disabled during the relevant period. (T 24-25) On March 23, 2011, the Appeals Council denied review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (T 1)

The medical and other evidence has been reviewed in the ALJ's decision and will not be repeated here except as necessary to address the issues presented.

## II. Analysis

Plaintiff claims that the ALJ erred in: (1) determining that Plaintiff did not have a severe mental impairment; (2) evaluating Plaintiff's complaints of pain and other subjective symptoms; and (3) determining Plaintiff's RFC.[2]

**A.     Mental Impairment**

Plaintiff first alleges that the ALJ erred by finding Plaintiff's alleged mental impairments not severe.

An impairment can be considered as not severe only if it is "a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the

---

[2] Plaintiff lists four issues on appeal. Issues one and four of Plaintiff's argument have been combined as they both relate to credibility. The issues are addressed according to the sequential review process for disability claims, not the order presented in Plaintiff's memorandum of law.

individual's ability to work, irrespective of age, education, or work experience." Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984) (per curiam). An ALJ's conclusion that an impairment is not severe must be supported by substantial evidence. Id. at 921. The severity of an impairment must be measured "in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986).

Finding that Plaintiff did not have a severe mental impairment despite medical treatment for a short period of time for depression and anxiety, the ALJ stated that:

> The evidence of record shows that claimant has been prescribed medication for complaints of anxiety and depression by a primary care doctor. He was treated by Hafiz Rahman, M.D., for a short period and related to this doctor that his anxiety and mood had improved significantly with medication, and he was doing well. Based on the medical evidence the undersigned has been convinced that the claimant's complaints of depression and anxiety are non severe impairment[s]and would not place any limitations on the claimant's ability to function.

(T 19)

Plaintiff contends that this finding is erroneous due to a Global Assessment of Functioning ("GAF") score of 50 noted by treating physician Haliz Rahman, M.D. ("Dr. Rahman") during Plaintiff's office visit on September 4, 2007. (T 444) However, one GAF score, even one signifying serious symptoms,[3] does not establish work-related limitations.

---

[3] GAF is a standard measurement of an individual's overall functioning level with respect to "psychological, social, and occupational functioning." American Psychiatric Assoc. Diagnostic and Statistical Manual of Mental Disorders at 30 (4th ed. 1994). A GAF score of 41-50 reflects "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders ("DSM-IV-TR") 34 (4th ed. text rev. 2000).

The ALJ's finding that Plaintiff does not have a severe mental impairment is well-supported by the evidence. Mental health consultants Carol Deatrick, Ph.D. ("Dr. Deatrick") on June 5, 2008 and James Levasseur, Ph.D. ("Dr. Levasseur") on August 15, 2008 concluded that Plaintiff does not have a severe mental impairment. (T 497, 709) Specifically, Dr. Deatrick and Dr. Levasseur determined in a psychiatric review that Plaintiff has no limitations in performing daily living activities, no more than mild limitations in concentration, persistence, or pace, and no episodes of decompensation. (T 507, 719) Additionally, Dr. Levasseur found that Plaintiff has no limitations, and Dr. Deatrick found that Plaintiff has no more than mild limitations, in maintaining social functioning. (Id.)

While Dr. Rahman diagnosed Plaintiff with major depression and prescribed Lexapro, Dr. Rahman treated Plaintiff for only a short period of time from September 4, 2007 through April 11, 2008. (T 443-44) By October 19, 2007, Plaintiff's anxiety and mood had improved significantly with medication and Plaintiff reported "feeling very well [with] the help of his meds." (T 443) Six months later, on April 11, 2008, Plaintiff requested medication after revealing that he had "been out of meds for a while." (Id.) As noted by the ALJ, the evidence does not show another visit with Dr. Rahman after April 11, 2008. (T 21) On June 8, 20008, Plaintiff complained of depression to the staff at Tampa Family Care, but Plaintiff did not see Dr. Rahman to refill his medication as suggested. (T 21-22, 872) Accordingly, substantial evidence supports the ALJ's finding that Plaintiff's alleged mental impairments are not severe.

**B.    Plaintiff's Credibility**

Plaintiff argues that the ALJ improperly assessed her subjective complaints of pain and other symptoms and substantial evidence does not support the ALJ's finding that Plaintiff's

5

complaints are not fully credible. (Dkt. 18 at 3-5) However, the ALJ fully evaluated Plaintiff's testimony and properly found that she was not entirely credible. (T 21-25)

In evaluating Plaintiff's complaints of pain and other subjective symptoms, the ALJ cited Plaintiff's complaints of back, neck, and foot pain, ankle surgeries, depression, and thyroid problems and concluded that Plaintiff's testimony was inconsistent with the medical evidence of record and his reported daily activities. (T 21-22)

The Eleventh Circuit has established a three-part "pain standard" to use when a claimant attempts to establish disability through testimony of pain or other subjective symptoms. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (per curiam). A plaintiff must show: (1) objective medical evidence of an underlying medical condition; and either (2) the objective medical evidence substantiates the severity of the pain from the condition; or (3) the objectively determined medical condition is of sufficient severity that it would be reasonably expected to produce the pain alleged. Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986) (per curiam). Where an ALJ declines to credit a claimant's testimony regarding subjective complaints, the ALJ must "articulate explicit and adequate reasons for doing so." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (per curiam). A clearly articulated credibility finding that is substantially supported by the record will not be overturned. Id. at 1562 (citation omitted).

Plaintiff's argument on this issue is unpersuasive. He refers only to the treatment records of Frank Gomes, M.D. ("Dr. Gomes"), citing to pages "744-824" of the record. (Dkt. 18 at 5) These pages consist of medical records from March 21, 2008 to December 9, 2008 from the Physicians Group, LLC, including Dr. Gomes' evaluation of Plaintiff on December 9, 2008. (T 741, 745, 747, 757) This evidence, comprising approximately eighty pages of records, will not

be addressed extensively in this order because Plaintiff failed to cite to any specific portion or portionsof of the record supporting his argument.

Following a March 10, 2008 automobile accident, Plaintiff complained of neck, back, and shoulder pain. (T 650-51) Nancy Wolverton, ARNP, ("Ms. Wolverton) determined on March 21, 2008 that Plaintiff had a reduced range of motion in his neck and back and some tenderness to palpation. (T 652-53) Plaintiff had a reduced range of motion in his left ankle and some general weakness in his left leg, and his straight leg raising test was negative bilaterally. (T 654-55) Ms. Wolverton recommended light, conservative physical therapy, no lifting over fifteen pounds, and to continue his medications. (T 655-56)

Odion Binitie, M.D. ("Dr. Binitie") found on March 24, 2008 that Plaintiff had a limited range of motion in his neck, but was not tender to palpation, and X-rays showed no fracture, normal alignment from C1 to T1, and no soft tissue swelling. (T 21, 460-61) Dr. Binitie diagnosed a left trapezius bruise with no evidence of a spine fracture or neurological impingement. (T 461-62) On March 31, 2008, Plaintiff followed up with Adrianne Payne, M.D. ("Dr. Payne") who found that Plaintiff still had tenderness to palpation, no focal rotator cuff strength deficits, normal range of motion in both shoulders, and normal strength in the upper and lower extremities. (T 662-63)

On December 9, 2008, Dr. Gomes noted that Plaintiff had disc protrusions, annular tears, and stenosis at L4-5 and L5-S1 and opined that Plaintiff should avoid lifting over twenty pounds, high impact activities, and prolonged sitting, standing, pushing, or pulling. (T 747) While Dr. Gomes referred Plaintiff to pain management, the ALJ properly noted the absence of evidence

that Plaintiff followed up with a pain management specialist or sought any additional treatment after December 2008. (T 22, 741)

As to Plaintiff's alleged thyroid problems, he underwent a left hemithyroidectomy for removal of a benign thyroid nodule on April 3, 2008. (T 526, 538) Kathryn Hall, M.D. ("Dr. Hall") discharged Plaintiff in good condition on April 4, 2008 and noted that he was doing well. (T 526) The ALJ concluded that Plaintiff's impairments "may impose a slight limitation on his ability to function, but not to the degree alleged." (T 22) The medical evidence supports the ALJ's finding that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms not entirely credible. (T 21)

Apart from challenging the medical evidence, Plaintiff submits that the ALJ improperly relied on Plaintiff's ability to perform daily activities in finding Plaintiff's testimony less credible. (Dkt. 9-10) The ALJ stated:

> [Plaintiff] testified that he was able to care for two small children, ages 3 and 1, and take them to and from day care. He is able to care for his personal needs independently, drive a car which would require extensive turning of his neck, cook, grocery shop, sweep, and go to wrestling matches. He is able to watch television and said that he likes to draw, loves video games and movies. The undersigned is cognizant that claimant's daily activities would require walking, standing, sitting, and lot of movement of the extremities. Accordingly, the undersigned has been persuaded that the claimant's description of his limitations is only partially credible and his symptoms have been exaggerated. It is not convincing that a person alleging total disability would have the limited medical treatment that claimant has and be able to perform the claimant's daily activities.

(T 22)

Plaintiff contends that his ability to drive a car, grocery shop, sweep, watch television, draw, and watch movies is an invalid basis to reject his credibility regarding the severity of his symptoms.

8

The ability to engage in everyday activities of short duration such as housework or fishing does not disqualify a claimant from receiving disability benefits. Lewis v. Callahan, 125 F.3d 1436, 1441 (11th Cir. 1997). However, the Commissioner may properly rely on a claimant's daily activities, among other evidence, in determining whether a claimant is entitled to disability benefits. Hoffman v. Astrue, 259 F. App'x 213, 219 (11th Cir. 2007) (per curiam) (unpublished). When evaluating a claim based on subjective symptoms, the ALJ considers medical findings, a claimant's statements, statements by the treating sources, and evidence of how the pain affects the claimant's daily activities and ability to work. 20 C.F.R. § 416.929(a) (2011).

Although daily activities alone will not justify a finding that a claimant lacks credibility, they are a relevant factor. Certainly, sporadic or limited activities are not probative, as the caselaw cited by Plaintiff explains. However, it was not inappropriate for the ALJ to note that Plaintiff's activities "would require walking, standing, sitting, and a lot of movement of the extremities." (T 22) Further, the ALJ properly considered Plaintiff's daily activities, along with the other evidence, in evaluating credibility. Here, the ALJ did not rely solely on Plaintiff's household and other activities, but viewed them as corroborating the medical evidence in terms of the restrictions which were supported and those which were not.

In summary, the ALJ's evaluation of Plaintiff's credibility is well supported by substantial evidence and the proper legal principles. See Allen v. Sullivan, 880 F.2d 1200, 1202-03 (11th Cir. 1989) (per curiam). This issue does not entitle Plaintiff to relief.

## C. RFC Assessment

Finally, Plaintiff contends that the ALJ erred by excluding from the RFC assessment mental restrictions and sit, stand, push, and pull limitations. In determining Plaintiff's RFC, the ALJ made the following findings:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b). The claimant can lift and carry twenty pounds occasionally and ten pounds frequently. He can stand, walk, and sit for six hours in an eight hour workday with normal breaks. The claimant can frequently climb, balance, stoop, kneel, crouch, and crawl. He must avoid concentrated exposure to extreme heat and cold and hazards.

(T 20)

Based on the testimony of a Vocational Expert ("VE"), the ALJ found that Plaintiff can perform other work in the national economy at the light exertional level as a small products assembler, (DOT 739.687-030), poly packer/heat sealer, (DOT 920.686-038), and final inspector (DOT 727.687-054). (T 24)

According to Plaintiff, the RFC is incomplete because it failed to include a limitation on prolonged sitting, standing, pushing, and pulling, as recommended by Dr. Gomes.

The ALJ discussed Dr. Gomes' opinion that Plaintiff "should avoid heavy lifting over twenty pounds as well as high impact activity, prolonged sitting or standing, and pushing or pulling." (T 22, 747) Assigning significant weight to Dr. Gomes' opinion, the ALJ explained that Dr. Gomes' "examined claimant thoroughly and reviewed MRI's prior to referring him to a pain management specialist." (T 23) The ALJ found Dr. Gomes' opinion consistent with the state agency consultants. (<u>Id.</u>) The state agency consultants determined that Plaintiff could

perform light work, sit and stand for six hours in an eight-hour workday with normal breaks, and push and pull without limitation. (T 23, 541, 724)

Plaintiff argues that the inability to sit or stand for prolonged periods is inconsistent with the RFC finding that Plaintiff can sit or stand for six hours in an eight-hour workday. However, the ALJ included in the RFC that Plaintiff could sit or stand for six hours in an eight-hour workday with normal breaks. (T 20, 53)[4] The Commissioner submits that the RFC is consistent with Dr. Gomes' admonition to avoid prolonged sitting and standing.

The SSA Procedures and Operations Manual defines "normal breaks" as taking a break in the morning, during lunch, and in the afternoon, and is not the same as the need for frequent changes of position. Torvik v. Astrue, No. 2:08-CV-474-FTM-29DNF, 2009 WL 1748501, at *6 (M.D. Fla. June 18, 2009) (citation omitted). Despite giving significant weight to Dr. Gomes' opinion, the ALJ failed to address in the RFC Plaintiff's difficulty with sitting and standing for prolonged periods of time, and it is unclear whether the opportunity to take normal breaks addresses Plaintiff's need to avoid prolonged sitting and standing. The case should be remanded for the ALJ to determine the length of time that Plaintiff is capable of sitting and standing. Cf. Johnson v. Astrue, No. 3:07-CV-756-J-TEM, 2009 WL 764511, at *10-11 (M.D. Fla. Mar. 20, 2009) (finding that the sit/stand option in the RFC addressed the claimant's difficulty with prolonged sitting).

As for pushing or pulling restrictions, the Commissioner correctly points out that the definition of light work under the regulations requires only "some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b) (2011). Although the ALJ gave "significant weight" to

---

[4] The ALJ's hypothetical to the VE also included that the hypothetical claimant could perform these activities with normal breaks. (T 53)

Dr. Gomes' opinion, the ALJ failed to address in the RFC assessment any pushing and pulling limitations. Additionally, the ALJ erroneously concluded that the state agency reports are consistent with Dr. Gomes' opinion. The state agency reports, finding that Plaintiff has no limitations in pushing and pulling, are inconsistent with Dr. Gomes' opinion that Plaintiff should avoid prolonged pushing and pulling. As the RFC assessment is silent as to any pushing or pulling limitation, the case should be remanded for the ALJ to determine Plaintiff's pushing and pulling limitations and to cite the evidence in support of the findings.

Plaintiff's other challenge to the ALJ's RFC assessment - that it is deficient for failing to include any limitations due to his major depressive disorder (including a GAF score of 50) - is without merit. The ALJ properly found no severe mental impairment, as previously discussed. The omission of any work-related restrictions in the RFC assessment was appropriate.

## Conclusion

Because a remand is required for additional fact-finding regarding Plaintiff's residual functional capacity, the case should be reversed and remanded consistent with the recommendations made above. The Court expresses no views as to what ultimate determinations the ALJ should make on the issues Plaintiff raises. Both sides should be afforded an opportunity to present evidence on the issues remaining for determination.

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1) The decision of the Commissioner be **REVERSED** and the case be **REMANDED** for further proceedings consistent with the forgoing; and

(2) The Clerk of Court enter final judgment in accordance with 42 U.S.C. § 405(g) as a "sentence four" remand and close the file, with each party bearing his own costs and expenses.

**Date: July 10, 2012**

ELIZABETH A JENKINS
United States Magistrate Judge

**<u>NOTICE TO PARTIES</u>**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal. <u>See</u> 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record
District Judge